IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION



UNITED STATES OF AMERICA,

Plaintiff,

v.                                                              CRIMINAL ACTION NO. 3:95-cr-00147-1

ROBERT JEROME WARREN, SR.,

Defendant.

## ORDER

Pending before the court is the defendant's Motion for Retroactive Application of Sentencing Guidelines [Docket 609]. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008.

Not every crack cocaine offender, however, is eligible for a lower sentence based on the amendment to Section 2D1.1. After reviewing the presentence investigation report and judgment order in this case, the court **FINDS** that the defendant is not eligible for a reduced sentence because his offense level was calculated after a cross-reference found in USSG § 2D1.1(d) (1995) was applied. Accordingly, the amendment to Section 2D1.1 does not change the defendant's final offense level. In other words, even with the change in the base offense level, the § 2D.1.1(d) cross reference would still apply and result in no change to the final offense level.[1] Accordingly, the

---

[1] After the defendant's counsel filed a Memorandum [Docket 613] conceding that he is not eligible for a reduction, the defendant filed a *pro se* Mmorandum [Docket 614] asking

defendant's motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Federal Public Defender, the Defendant, the United States Attorney, and the United States Probation Office.

                ENTER:      May 15, 2009

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge

---

the court to consider his motion, despite counsel's concession. The defendant's Memorandum does not raise any meritorious reason to reduce his sentence pursuant to the amendment to Section 2D1.1. Instead, the defendant asserted that the 2D1.1(d) cross-reference can "only increase the [defendant's] sentence at most to the statutory maximum associated with the charge on which the [d]efendant was convicted." At the time of the defendant's conviction, the maximum sentence for a violation of 21 U.S.C. § 846 for an unknown drug quantity was life imprisonment. Accordingly, the defendant's sentence of life was not greater than the statutory maximum.