## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                    CRIMINAL ACTION NO. 3:95-cr-147-01

ROBERT JEROME WARREN, SR.,

        Defendant.

### MEMORANDUM OPINION AND JUDGMENT ORDER

The Court has reviewed Defendant's Motion for Clarification of My Sentence and What is Offense of Conviction ("Motion for Clarification") (Document 621) wherein Defendant inquires about the quantity of drugs attributed to him during his sentencing and his qualification for a sentence amendment "when the crack laws change." The Court has also reviewed Defendant's letter form Motion for Recusal (Document 629) and his December 5, 2011 letter to this Court (Document 630). The Court will consider each submission.

Upon review of Defendant's Motion for Clarification, the Court has accorded a liberal construction to Defendant's *pro se* filing.[1]  Consequently, the Court construes Defendant's Motion

---

[1] In his motion, Defendant references the May 15, 2009 denial of his previous motion for a sentence reduction following Amendment 706 to the United States Sentencing Guideline which reduced by two levels the guidelines in Section 2D1.1 for cocaine base offenses. (Document 617). Defendant seeks a clarification about his offense of conviction and the cross-reference applied to his case pursuant to 2D1.1. ("[T]here is no case law against the cross-reference only the actual charge of 18 USC 1111 so I ask the court to clarify my offense of conviction and how my sentence was applied. I am not a lawyer but I hop the court will apply the law at the time of this motion.") The gist of Defendant's motion is arguably a request to reconsider the Court's previous denial of his Section 3582 motion. To the extent that Defendant sought a motion to reconsider the May 15, 2009 ruling, such a motion is improper. *See United States v. Servin-Terrasas*, No. 12-6354, 2012 WL 2389237 (4th Cir. June 26, 2012) (unpublished per curiam decision) (citing *United States v. Goodwyn*, 596 F.3d 233, 235-36 (4th Cir.), (noting that a motion to reconsider is not a proper vehicle to seek review of a ruling on a Section 3582 motion) *cert. denied*, – U.S. – , 130 S.Ct. 3530 (2010)).

for Clarification as one brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline.

On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. On November 10, 2011, pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 623). In the same Order, the Court ordered the Federal Public Defender to undertake the representation of Defendant or to seek the appointment of counsel. (*Id.*) Further, counsel for Defendant and the United States were directed to "file written memoranda addressing all relevant issues, including eligibility, whether Defendant should receive a reduction, and, if so, the extent of any reduction." (*Id.*) The Court has subsequently received materials submitted by the Probation Office and the parties on this issue.

The Court has carefully reviewed the original Presentence Investigation Report (PSI), the Amended Judgment and Commitment Order, the addendum to the PSI from the Probation Office, and materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

On January 22, 1996, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base or crack cocaine. At sentencing, the court attributed to Defendant 53 ounces of crack cocaine (1.5 kilograms). The sentencing court also determined that additional

enhancements to Defendant's base offense level were appropriate for his possession of firearms, obstruction of justice and his leadership role in the offense of conviction. Further, the court found the sentencing guideline cross-reference to Section 2A1.1 (First Degree Murder) from Section 2D1.1(d)(1995) was applicable to Defendant. As a result, Defendant's base offense level became 43. Defendant was sentenced to life imprisonment as a cross-reference offender. (*See United States v. Ford*, 106 F.3d 392 (4th Cir. 1997) (unpublished per curiam decision) (affirming conviction and sentence).

Upon consideration of the 2011 amendments to the cocaine base Guidelines, the Court finds that the changes to Section 2D1.1 did not impact the Section 2D1.1(d) cross reference. For this reason, Defendant's sentencing range remains unchanged as a result of the November 1, 2011, Sentencing Guidelines Amendment, and he is, therefore, not eligible for a sentence reduction. In their respective written responses, both counsel for the United States and Defendant acknowledge that Defendant is ineligible for a sentence reduction. (*See* Documents 625 and 628). For these reasons, Defendant's Section 3582 Motion (Document 621) is **DENIED**.

The Court has also reviewed Defendant's letter form Motion for Recusal (Document 629) wherein he "ask[s] that the U.S. Attorney's Office be recused from [his] case for conflict of interest between [his] sentencing Judge and the United States Attorney's Office[.]" While Defendant did not state the basis for his assertion of a "conflict of interest," the Court finds that on November 8, 2011, approximately a month *prior* to Defendant's filing of his recusal motion (on December 5, 2011), the Clerk of Court reassigned Defendant's case to this Court for all further proceedings. (*See* Document 622.) Thus, the sentencing judge, the Honorable Chief Judge Joseph R. Goodwin, is no

longer assigned to the instant case. As a result, the Court finds Defendant's request to be moot and having no meritorious basis in law or fact.

On December 5, 2011 Defendant also filed a letter to the Court (Document 630) wherein he questions how he was "sentenced . . . for a murder that [he] was never indicted for by a preponderance of the evidence." (*Id*.). Defendant requests the Court to: "check the four statements" made by Chris Pennington to "see all the different lies he told"; appoint an attorney that "will help me and not look at just my eligibility for the crack amendment. . . . My fifth, sixth and eight amendments are being violated[]"; issue a "certificate of appealability to the [United States Court of Appeals for the Fourth Circuit so that he] may fight for [his] actual innocence." (*Id*.) To the extent Defendant challenges the factual basis for his conviction and sentence, these claims are not properly raised in a Section 3582 motion. *See United States v. Stewart*, 595 F.3d 197, 201 (4th Cir. 2010) (discussing that Section 3582 proceeding is "not considered a full resentencing by the court"); *see also Untied States v. Wyatt*, No. 12-6768, 2012 WL 2336736 (4th Cir. June 20, 2012) (unpublished per curiam decision) (same); *United States v. Planter*, No. 12-6260, 2012 WL 2130028 (4th Cir. June 13, 2012) (unpublished per curiam decision) (same). Therefore, the Court finds that it does not have the authority in this instance to provide the relief Defendant requests.[2]

---

[2] It appears in his letter that Defendant desires to challenge his conviction and sentence. Such a challenge is generally permitted by Section 2255. Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 (a).

(continued...)

In sum, for the reasons set forth herein, the Court does hereby **ORDER** that Defendant's construed motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Document 621) be **DENIED** and that Defendant's Motion for Recusal (Document 629) be **DENIED.** Further, the Court finds that no action is required with respect to Defendant's December 5, 2011 letter to this Court (Document 630). To the extent said letter of December 5, 2011, can be viewed as a motion, the Court **ORDERS** the same be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.                                   ENTER:        July 31, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

²(...continued)
The Court observes that Defendant has previously filed in this Court a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 on October 13, 1997, wherein he challenged, *inter alia*, the cross-reference impacting his sentence, the applicable burden of proof of Guideline findings at sentencing and the credibility of the evidence offered in support of the cross-reference. On October 17, 2001, this motion was denied. (*Warren v. United States*, Civil Action No.3:97-cv-00956, 2001 WL 34607711 (S.D. W. Va. Oct. 17, 2001). The United States Court of Appeals for the Fourth Circuit affirmed the decision on February 2, 2002. (*United States v. Warren*, 26 F.App'x. 313 (4th Cir.), *cert. denied*, 537 U.S. 927 (2002)). Before a federal inmate may litigate a second Section 2255 habeas petition, Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Therefore, even if the Court were to construe the Defendant's letter as a letter-form Section 2255 motion, this Court would lack the authority to consider the same absent authorization by the Court of Appeals for the filing of a second or successive Section 2255 motion. *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir.2003)