# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 3:95-cr-00147-01

ROBERT JEROME WARREN, SR.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's pro-se letter, construed as a motion for relief under the First Step Act (FSA). (Document 658.) The Court previously granted a motion for appointment of counsel on March 13, 2019, but no previous First Step Act motion has been filed.

The First Step Act of 2018 (FSA) made certain provisions of the Fair Sentencing Act of 2010 retroactive. The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses. Section 404(b) of the 2018 FSA permits courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction. First Step Act § 404(c).

The record reflects that a motion for a sentence reduction under the Fair Sentencing Act was denied on the merits, and motions pursuant to guideline reduction were likewise denied. (Documents 617 & 631.) Mr. Warren pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base on January 22, 1996. He was attributed 53 ounces of crack cocaine at sentencing. However, his sentence was calculated based on application of a sentencing guideline cross-reference to Section 2A1.1 (First Degree Murder), and he was sentenced to life imprisonment based on that cross-reference. Because the Fair Sentencing Act did not impact the cross-reference, Mr. Warren was not entitled to relief when it went into effect. The denial on the merits renders him ineligible for relief under the FSA. The sentencing judge found that Mr. Warren was a leader and organizer of a drug conspiracy. He also found that Mr. Warren directed the murder of a potential witness of his crimes and treated her murder as payment for a drug debt. The murder cross-reference still establishes a guideline range of life imprisonment. Given the facts of the offense, the Court would decline to reduce Mr. Warren's sentence if he were eligible for such a reduction.

Wherefore, after through review and careful consideration, the Court **ORDERS** that the Defendant's letter-form *Motion* for a sentence reduction (Document 658) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 13, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA