**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

v.          CRIMINAL ACTION NO. 3:95-cr-00147-01

ROBERT JEROME WARREN, SR.,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's pro se letter form *Motion* (Document 658) seeking relief under the First Step Act.  The Court entered an order denying that motion but vacated the same upon receipt of the Defendant's *Motion for Reconsideration of Eligibility and Request for Leave to Brief Issue of Discretionary Resentencing* (Document 660).  The Court has further reviewed the *Defendant's Response to Court Order Directing Parties to Address First Step Act Eligibility and the Propriety of Relief* (Document 662), the *Response of the United States Regarding Defendant's Eligibility for Relief Under the First Step Act and the Propriety of Any Such Relief* (Document 664), and the *Memorandum of Defendant Regarding Eligibility and Propriety of Reduced Sentence Under First Step Act* (Document 665).

In addition to the parties' briefing, the Court has reviewed and considered the original Judgment and Commitment Order and Statement of Reasons, plea agreement, Presentence Investigation Report, opinions on appeal and in habeas proceedings, and a memorandum from the

Probation Office.   The Court has also considered the applicable factors under 18 U.S.C. § 3553(a) and public safety.

The First Step Act of 2018 made certain provisions of the Fair Sentencing Act of 2010 retroactive.   The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses.   Section 404(b) of the 2018 FSA permits courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."   First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194.   Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction.   First Step Act § 404(c).   The Fourth Circuit has held that mechanism for reducing a sentence under the First Step Act is 18 U.S.C. § 3582(c)(1)(B) which permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute."   18 U.S.C. § 3582(c)(1)(B); *United States v. Wirsing*, 943 F.3d 175, 182–83 (4th Cir. 2019), *as amended* (Nov. 21, 2019).   A defendant serving a sentence following conviction of violating a covered statute for which sentencing ranges were modified by the Fair Sentencing Act is eligible for relief.   *Wirsing*, 943 F.3d at 182–86.   "Under the Act, there is no eligibility requirement beyond the threshold question of whether there is a 'covered offense.'" *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020).

2

In a *Superseding Indictment* (Document 50) filed on November 2, 1995, the Defendant was charged with conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §846, in addition to other counts for which he was not convicted.   The superseding indictment was filed before the line of Supreme Court cases holding that facts increasing the potential penalty for an offense are jury questions that must be proven beyond a reasonable doubt and cannot be found by a judge at sentencing, and it did not reference a specific drug quantity.   *See, e.g.*, *Jones v. United States*, 526 U.S. 227, 243, n. 6 (1999); *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000); *Alleyne v. United States*, 570 U.S. 99, 103 (2013).   The Defendant entered a guilty plea on January 22, 1996.   He stipulated that the drug quantity was at least 50 grams of cocaine base, and Judge Goodwin informed him that the statutory sentencing range would be 10 years to life based on the pre-Fair Sentencing Act penalty provisions. (Document 480 at 2-3, 10); *Warren v. United States*, No. CIV.A 3:97-CV-00956, 2001 WL 34607711, at *6 (S.D.W. Va. Oct. 17, 2001) (Goodwin, J.).[1]

Following a multi-day sentencing hearing, Judge Goodwin found, by a preponderance of the evidence, that the Defendant had directed the murder of a potential witness in exchange for forgiving the drug debt of the man who admitted to shooting the victim.   (Am. Judgment Order at 6) (Document 384.)   Judge Goodwin also found that the drug quantity attributable to the Defendant was 53 ounces, or 1.5 kilograms, of crack cocaine, and that the Defendant was an organizer or leader of the drug conspiracy.   The Defendant also received an enhancement for obstruction of justice and did not receive a reduction for acceptance of responsibility.   Because

---

[1] The plea agreement and plea hearing transcript do not appear on the online docket but were discussed and quoted extensively in an opinion denying relief under 28 U.S.C. § 2255.   Judge Goodwin handled both the original criminal case and the §2255.

Judge Goodwin found that a cross reference to First Degree Murder, pursuant to Guidelines section 2D1.1(d) was applicable, the adjusted offense level of 43, under Section 2A1.1 resulted. The Defendant was in Criminal History Category II.

On May 20, 1996, the Defendant was sentenced to life imprisonment as a cross-reference offender. (Am. Judgment Order); *see also United States v. Ford,* 106 F.3d 392 (4th Cir.1997) (unpublished per curiam decision) (affirming conviction and sentence). At the time of his sentencing, the same mandatory life sentence would have applied even absent the murder cross-reference based on the drug quantity and applicable enhancements. (Document 480 at 2-3, 10); *Warren v. United States*, No. CIV.A 3:97-CV-00956, 2001 WL 34607711, at *2–4 (S.D.W. Va. Oct. 17, 2001) (Goodwin, J.). The 53 ounces of cocaine base resulted in a base offense level of 38. A 4-level leadership enhancement and a 2-level obstruction enhancement brought the total offense level to 44, topping out at 43. The pre-*Booker* mandatory Guideline range was life imprisonment, with or without the murder cross-reference.

The parties agree, and the Court finds, that the Defendant is eligible for relief under the First Step Act. Thus, the Court must determine whether to exercise its discretion to grant relief.

The Defendant argues that increasing his sentencing range based on an uncharged offense is unconstitutional under current precedent, although it was legal at the time. He points out that the United States chose not to charge him with murder, relieving itself of the burden of proving the offense beyond a reasonable doubt. As a result, "[h]e is serving a life sentence for a charge that carries a 20-year statutory maximum." (Def.'s Resp. at 6.) He also urges the Court to consider the risks posed by the COVID-19 epidemic, given his age and already-lengthy period of incarceration.

The United States urges the Court to deny relief.  It contends that the drug quantities, extensive nature of the conspiracy, the Defendant's role as a leader of the drug conspiracy, and the finding that the Defendant directed the murder of a potential government witness weigh against reducing the Defendant's sentence.

Neither party submitted information about the Defendant's post-conviction conduct, although the Defendant noted his age and extensive familial support system.   The Probation office indicates that he has had a small number of minor infractions during his period of incarceration, and no serious infractions.

The procedures for criminal prosecution and sentencing have undergone extensive reform since the Defendant was sentenced.  At the time of sentencing, the statutory sentencing range could be increased by judge-found facts not submitted to a jury.   The Guidelines were mandatory. Crack offenses were subject to particularly harsh sentences, exacerbating racial disparity.   That system was not just.

Both parties suggest that any relief would result in a new statutory maximum of 20 years and a time-served sentence, based on the unspecified drug quantity in the superseding indictment. In general, the Court agrees that the charging document drives the statutory sentencing range for purposes of the First Step Act, and the potential that the Government would have charged differently under current law is too speculative to consider.  *See, e.g.*, *United States v. Smith*, 379 F. Supp. 3d 543, 546 (W.D. Va. 2019) (declining to speculate as to how the Government would have charged drug quantities had *Apprendi* and the Fair Sentencing Act been in effect).   Under the specific facts of this case, however, the Court finds the Defendant's plea to more than 50 grams of cocaine base, combined with a plea hearing in which he was advised of the penalty range

5

corresponding to that quantity, removes any need for speculation.[2]   The United States had no reason to include drug quantities in pre-*Apprendi* charging documents.   In many cases, that may leave courts now considering First Step Act cases with no drug quantity that meets the strictures of current precedent.   In this case, although the indictment was silent, the Defendant pled guilty to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base, the drug quantity then referenced in 21 U.S.C. §841(b)(1)(A), and was fully informed of the implications of that plea.

Under current law, 21 U.S.C. §841(b)(1)(A) requires 280 grams of cocaine base to trigger a sentence of 10 years to life.   The 50 grams of cocaine base to which the Defendant pled guilty subjects him to a sentence of 5 to 40 years of incarceration.   21 U.S.C. §841(b)(1)(B).   The 53 ounces, or approximately 1.5 kilograms, of cocaine base that the Defendant was found responsible for results in a current base offense level of 32.   After consideration of the 4-level organizer/leader enhancement and the 2-level obstruction of justice enhancement, his adjusted offense level under current law is 38.   With a criminal history category of II, his guideline range would be 262 to 327 months, without consideration of the murder cross-reference.   With the murder cross-reference, the guideline range would become the statutory maximum of 40 years.

Any reduction in this case is a close call.   The Defendant's interest in due process and the injustice of leaving in place a sentence imposed under procedures that no longer pass constitutional muster weigh heavily.   On the other hand, the Government and the Court followed the law in place at the time and the Government is unlikely to be able to bring new charges to comply with

---

2 The Court is aware that the United States has sometimes argued that the drug quantity contained in presentence investigation reports should be used to fix the current statutory range in First Step Act cases.   That method runs afoul of *Apprendi*, however, by basing a statutory sentencing range on facts found by a judge under a preponderance of the evidence standard.

current legal standards.  The outcome of a sentence reduction—potentially leaving a murder unpunished—must also weigh heavily.

Upon consideration of the § 3553 factors, the parties' briefing, the Defendant's term of incarceration, post-conviction conduct, and the original sentencing materials, the Court finds a sentence reduction to time served followed by five (5) years of supervised release to be appropriate. The Defendant's conduct was extremely serious.  He was the leader of a drug trafficking organization that distributed significant quantities of crack cocaine.  He was also found to be responsible for directing the murder of a potential witness, a young woman who had relatively little personal involvement with the drug trafficking organization, who was working to overcome an addiction and had plans to further her education.   Even under current law, that offense may be considered for sentencing purposes, although it cannot increase the statutory sentencing range. The Defendant did not have extensive criminal history prior to this offense, has not committed any serious infractions since his incarceration, and has served approximately 25 years of his sentence. The Court finds that a term of supervised release can be helpful to the Defendant and serve to protect the public, as well.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's pro se letter form *Motion* (Document 658) and the Defendant's counselled *Motion for Reconsideration of Eligibility and Request for Leave to Brief Issue of Discretionary Resentencing* (Document 660) be **GRANTED**.   The Court **ORDERS** that the Defendant's sentence be **REDUCED** to **TIME SERVED (after appropriate quarantine, if applicable) followed by five (5) years of supervised release with the first six months to be served in a halfway house to begin immediately**.   **It is further ORDERED that the Defendant report to the United States**

**Probation Office in the Southern District of West Virginia within seventy-two (72) hours of his release.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:      June 5, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

8